Opinion filed September 4, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed September 4,
2008

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00351-CR

                                                    __________

 

                                 DANA ANDREW GREEN, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court

      Palo
Pinto County, Texas

                                                    Trial
Court Cause No. 13436

 



 

                                              M
E M O R A N D U M  O P I N I O N

The
jury convicted Dana Andrew Green of possession of methamphetamine with the
intent to deliver.  Appellant pleaded true to an enhancement allegation, and
the jury assessed punishment at seventy-five years confinement and a fine of
$10,000.  We affirm.








Appellant
presents two points of error for review.  Both points depend on appellant=s contention that the
evidence was factually insufficient to establish that he possessed the
methamphetamine.  In his first point, appellant contends that the trial court
erred in denying his motion for directed verdict.[1] 
In his second point, appellant contends that the evidence was factually
insufficient to support the jury=s
verdict.

To
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006) (overruling in part Zuniga v. State, 144 S.W.3d 477
(Tex. Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex.
Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App.
1997); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
Then, the reviewing court determines whether the evidence supporting the
verdict is so weak that the verdict is clearly wrong and manifestly unjust or
whether the verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at
10-11.  The jury, as the finder of fact, is the sole judge of the weight and
credibility of the witnesses=
testimony.  Tex. Code Crim. Proc. Ann.
art. 36.13 (Vernon 2007), art. 38.08 (Vernon 1979).








In
cases involving possession with intent to deliver, the State must prove that
the defendant (1) exercised care, custody, control, or management over the
controlled substance; (2) intended to deliver the controlled substance to
another; and (3) knew that the substance in his possession was a controlled
substance.  Pena v. State, 251 S.W.3d 601, 606 (Tex. App.CHouston [1st Dist.] 2007,
pet. ref=d).  The
State may prove these elements by direct or circumstantial evidence.  Poindexter
v. State, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005).  In this case,
appellant challenges the sufficiency of the evidence in support of the
possession elements of the offense B
elements (1) and (3) above.  To establish possession, the State must prove that
a defendant=s
connection with the controlled substance is more than fortuitous.  Evans v.
State, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006).  Mere presence at the
location where a controlled substance is found is insufficient, by itself, to
establish actual care, custody, or control.  Id. at 162.  However,
presence or proximity when combined with other evidence may be sufficient to
establish possession.  Id.

The
record in this case shows that, on December 4, 2006, Palo Pinto Deputy Sheriff
Gary Morris learned that a warrant had been issued for appellant=s arrest.  Deputy Morris
knew appellant, and at about 7:00 p.m. on that day, he saw appellant driving a
pickup in Mineral Wells.  Deputy Morris turned on his patrol car=s overhead red and blue
lights and Awig-wags,@ which were alternating
high-beam lights, to effectuate a stop of appellant.  Appellant drove into an
empty parking lot and stopped.  Deputy Morris had to pull his patrol car into the
parking lot at an angle behind appellant=s
pickup to get the back of the patrol car out of the street.

Deputy
Morris knew that appellant was a large man and that regular handcuffs would not
fit him.  Therefore, he decided to use leg shackles to handcuff appellant. 
Deputy Morris exited his car and approached the driver=s side of the pickup.  He advised appellant
that there was a warrant for his arrest, and he arrested appellant.  Deputy
Morris had appellant put his arms behind his back, and Deputy Morris placed the
leg shackles on appellant=s
wrists.  Deputy Morris did a pat-down search of appellant.  He walked appellant
to the back of the pickup and asked him to stand there.  Tiffany Clayton was a
passenger in appellant=s
pickup.  Deputy Morris approached the right side of the pickup to get Clayton
out of the pickup.  At that point, Deputy Morris noticed that he had not turned
on the video recorder in his vehicle.  He turned on the video recorder.  He
then did a pat-down search of Clayton and asked her to step to the front and to
the right of the pickup.

Deputy
Morris inventoried appellant=s
pickup.  At times, Deputy Morris had his back to appellant.  The video showed
appellant reaching into his right front pocket, retrieving a cell phone, and
flipping it to Clayton.  Mineral Wells Police Officer Jeremy Hamscher, who had
arrived as backup, saw appellant flip the phone to Clayton.  Clayton
immediately made a phone call, and later, appellant=s mother and sister showed up at the scene. 
Appellant=s sister was
going to retrieve the items that appellant did not want to take to jail with
him.  Deputy Morris took the items that appellant planned to take to jail and
put them in his patrol car.  During this entire time, appellant was standing or
walking near the back of the pickup.








As
Deputy Morris started to walk back toward appellant=s pickup from the patrol car, he saw something
on the ground underneath the back of appellant=s
pickup.  Deputy Morris testified that the lights from his patrol car were
reflecting off the object and that, therefore, the object looked like a
flashlight.  Deputy Morris said that the object was located A[p]retty much in the center
of the back of the [pickup] just forward of the rear axle.@  After Deputy Morris
positioned himself between appellant and the pickup, Officer Hamscher retrieved
the item.  Deputy Morris testified that the item was Aa plastic baggie which contained a pretty
significant amount of a white, flaky substance like chards with ice.@  Deputy Morris suspected
that the substance was crystal methamphetamine and that appellant had thrown it
under the pickup without him noticing.  Deputy Morris testified that the bag
was found Ajust a
couple of feet@ away from
where appellant had been standing.

            Deputy
Morris testified that, when he first approached appellant during the stop, the
bag was not underneath appellant=s
pickup.  At that time, Deputy Morris did not see any shiny or reflective
objects under the pickup.  He said that the reflection of light from the bag Awas fairly intense@ and that, had the bag been
there when he stopped appellant, Athere
[was] no way [he] would have missed it.@ 
He also said that A[he
was] clearly, 100 percent certain that bag was not underneath that vehicle when
[he] stopped it.@ 
Deputy Morris acknowledged that he did not see appellant put the bag under the
pickup.  Officer Hamscher testified that he did not see appellant throw the bag
under the pickup or make any kicking movements toward the pickup.  However,
Deputy Morris testified that appellant was the only person who could have put
the bag under the pickup.  Appellant was wearing a long sleeve shirt, and he could
have hidden the bag up his sleeve.  Deputy Morris also testified that Clayton
was never in the proximity of the rear of the pickup and that she did not have
the opportunity to put the bag where it was found.  The video showed that, when
appellant=s sister
arrived at the scene, she walked near the back of the pickup.  She retrieved
items belonging to appellant that were on the back of the tailgate.

            Department
of Public Safety Chemist William Chandley tested the substance that was found
in the bag.  He testified that the substance weighed 27.80 grams and contained
methamphetamine. Department of Public Safety Sergeant John Waight testified
that the amount of methamphetamine seized in this case would not have been for
personal use only.  Rather, Sergeant Waight said that a person who possesses
that amount of methamphetamine intends to distribute it.








After
reviewing all of the evidence, we hold that the evidence was legally and
factually sufficient to support appellant=s
conviction.  Deputy Morris found the contraband in close proximity to where
appellant had been standing.  When Deputy Morris first approached appellant,
the bag was not underneath appellant=s
pickup.  Deputy Morris asked appellant to stand at the back of the pickup, and
the video showed that appellant remained in that area.  After talking with
Clayton, Deputy Morris placed appellant=s
items in his patrol car.  As Deputy Morris approached appellant=s pickup, he saw the bag. 
Deputy Morris testified that appellant was the only person who could have put
the bag where it was found.  Appellant had the opportunity to put the bag
underneath the pickup.  Deputy Morris had his back to appellant at times during
the stop, and the video showed that the leg shackles on appellant=s wrists did little to
restrict appellant=s
use of his hands and arms.  Clayton did not have the opportunity to put the bag
where it was found because she was never near the back of the pickup.  The
incidents depicted in the video were consistent with Deputy Morris=s testimony.  The evidence
showed that the substance in the bag weighed 27.80 grams and contained
methamphetamine, and Sergeant Waight testified that a person possessing that
amount of methamphetamine intends to distribute it.  Based on the evidence
linking appellant to the methamphetamine, the evidence was legally and
factually sufficient to establish that appellant possessed the methamphetamine
with the intent to deliver it.  We overrule appellant=s points of error.

We
affirm the judgment of the trial court.

 

 

JIM R. WRIGHT

CHIEF JUSTICE         

 

September 4,
2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that a point complaining about the trial court=s ruling on a directed verdict is actually a challenge
to the legal sufficiency of the evidence.  Williams v. State, 937 S.W.2d
479, 482 (Tex. Crim. App. 1996).  Therefore, we will address both the legal and
the factual sufficiency of the evidence.